ORIGINAL
D∈F
C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
LINDA BERMAN,

                    Plaintiff,                          MEMORANDUM AND ORDER

        -against-                                       Case No. 06-CV-1186 (FB)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*
HAROLD SKOVRONSKY, ESQ.
1810 Avenue N
Brooklyn, NY 11230

*For the Defendant:*
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
By: JOHN M. KELLY, ESQ.
Assistant United States Attorney
147 Pierrepont Plaza
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Plaintiff Linda Berman ("Berman") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). The Commissioner moves for an order remanding for further proceedings; Berman moves for an order remanding solely for a calculation of benefits. For the following reasons, the Commissioner's motion is granted and Berman's motion is denied.

I.

On February 21, 1996, Berman, a former receptionist and librarian, applied

1

for DIB, claiming that she suffered from carpal tunnel syndrome, stenosing tenosynovitis ("trigger thumb") and a herniated disk in her lower back. After her application was denied at the initial and reconsideration stages, she requested a hearing before an administrative law judge ("ALJ"), who issued an unfavorable decision on August 6, 1997. Berman sought judicial review in this Court, which remanded for reasons not reflected in the record.[1] On remand, a supplemental hearing was held before the same ALJ on November 6, 2002.

In a decision dated September 15, 2003, the ALJ found that Berman was last insured for DIB on December 31, 2000; applying the requisite five-step process, *see Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (citing 20 C.F.R. §§ 404.1520(b-f)), she then found (1) that Berman had not "engaged in substantial gainful activity since the alleged onset date of disability,"A.R. at 201,[2] (2) that she suffered from sever impairments, namely, carpal-tunnel syndrome, left "trigger thumb" and lower-back sprain, but (3) that the impairments did not meet or equal the criteria for any impairment or combination of impairments considered *per se* disabling under the Commissioner's Listing of Impairments.

At step four, the ALJ found that, despite her impairments, Berman retained the residual functional capacity ("RFC") to "lift and/or carry twenty pounds, stand and/or walk 6 hours in an 8-hour stand [and] sit 6 hours in an 8-hour day," but that she "could not

---

[1] More specifically, the Court remanded "[f]or the reasons stated on the record at oral argument held on January 28, 2000." *Berman v. Apfel*, Case No. 98-CV-5056, Docket Entry No. 10 (Order dated Jan. 31, 2000) (Raggi, J.). The transcript of the oral argument was not transcribed.

[2] "A.R." refers to the administrative record.

perform repetitive fine manipulation." *Id.* at 202. The ALJ then found that Berman's "past relevant work as a librarian and/or receptionist, did not require the performance of work-related activities precluded by her [RFC]." *Id.* Although not required to do so, the ALJ addressed step 5, finding that Berman could perform other jobs (including data-entry clerk, file clerk and check cashier) existing in significant numbers in the national economy.

Having found that Berman could perform her prior work and other jobs in the national economy, the ALJ concluded that she was not "disabled" within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on February 25, 2006, when the Appeals Council denied Berman's request for review. This action followed.

## II.

The Commissioner concedes that the ALJ committed three errors. First, she failed to address in her decision all of the medical evidence relating to Berman's RFC, including the opinions of her treating orthopedist, Dr. S. Leonard Edelstein. *See* 20 C.F.R. § 404.1527(d) ("Regardless of its source, we will evaluate every medical opinion we receive."). Second, she failed to resolve an ambiguity between her RFC finding that Berman could not perform "repetitive fine [finger] manipulation", A.R. at 202, and her earlier statement that Berman could not perform "repetitive *or* fine finger movements." *Id.* at 198 (emphasis added). Third, the ALJ improperly relied on the testimony of vocational expert ("VE") Fred Siegel, Ph.D., in support of her conclusions that Berman could work as a librarian, receptionist, data-entry clerk, file clerk or check cashier. While

3

Dr. Siegel opined that those jobs did not exceed Berman's RFC, the Dictionary of Occupational Titles ("DOT") defines each job as requiring some amount of finger manipulation; "[w]hen there is apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence[.]" SSR 00-4p, 2000 WL 1898704, at *2 (SSA 2000).

The Commissioner correctly concedes that the ALJ's errors warrant remand for further proceedings. *See, e.g., Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand."); *see generally Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded . . . for further development of the evidence. . . . Remand is particularly appropriate where, as here, we are unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision." (citations and internal quotation marks omitted)).

Relying on Dr. Edelstein's opinions that Berman cannot "lift or carry more than 10 pounds" and cannot "use her hands repetitively for such activities as keyboard, writing, pinching, gripping or fine manipulation," A.R. at 434, Berman argues that the remand should be solely for calculation of benefits; however, such a remand is appropriate only "when the record provides persuasive proof of disability" and a remand for further proceedings "would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). While the ALJ must address Dr. Edelstein's opinions on remand, they do not establish that

4

Berman is disabled; rather they establish, at best, a slightly more restrictive RFC than that found by the ALJ. There is no "persuasive proof" that a claimant with such an RFC could perform neither her past work nor any other work in the national economy.

The Court has taken into account that Berman's claim for benefits has been pending for more than ten years. The Second Circuit, however, has made it quite plain that "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996). The circuit court has further held that unless the claimant has progressed to step five of the five-step inquiry, imposing time limits on remand is inappropriate. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005) (approving time limits because "[a]t step five, the disability has been shown, and the 'burden shifts . . . to the [Commissioner] to prove . . . that the claimant is capable of working.'" (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996))). Since the ALJ found that Berman could perform her past work, and since that finding may be, with further explanation and development of the record, supported by substantial evidence, the Court has no alternative but to remand for further proceedings. There is some small comfort in the Commissioner's representation that, on remand, Berman's case will be reassigned to a different ALJ, *see* Def.'s Mem. of Law at 17 ("The Commissioner's will . . . have plaintiff's case remanded to a different ALJ."); in addition, the Court expects that, under the circumstances, the proceedings on remand will be conducted and resolved expeditiously.

### III.

The Commissioner's motion for remand is granted; Berman's motion is denied.

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 25, 2007